NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-034-JBC

CALVIN LEE GODDARD                                                                    PLAINTIFF

VS:                         **MEMORANDUM OPINION AND ORDER**

JASON TERRIS, et al.,
                                                                                              DEFENDANTS

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Calvin Lee Goddard, who is in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at the Federal Medical Center in Lexington, Kentucky, has filed a *pro se* complaint under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The complaint is now before the court for initial screening.[1]  28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons set forth below, the court will dismiss a portion of the complaint but will allow the remainder to proceed.

**CLAIMS**

The plaintiff alleges that the defendants have been deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights under the U.S. Constitution.

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

### RELIEF REQUESTED

Plaintiff seeks injunctive relief and damages.

### DEFENDANTS

The plaintiff has named nine (9) defendants, specifying that they are all sued in both their individual and official capacities. The listed defendants are (1) the Federal Medical Center's ("FMC-Lexington") Associate Warden Jason Terris, (2) Warden Deborah A. Hickey, (3) Dr. Luis A. Morales, and (4) Medical Director, Dr. Michael Growse; (5) DEA Agent Jasper White; (6) the presiding judge in a criminal prosecution against Goddard in this court,[2] the Hon. Joseph M. Hood; two attorneys in that prosecution, *i.e.*, (7) Assistant United States Attorney Ron Walker and (8) Defense Attorney Adele Burt Brown; and (9) United States Marshal Thom E. Clay.

Additionally, Plaintiff asserts claims against unknown and unnamed John or Jane Does who are medical staff at the Woodford County, Kentucky Jail and the Grayson County, Kentucky Jail.

### FACTUAL ALLEGATIONS

Plaintiff alleges that in 2007 he was arrested, and by September of that year, he was being prosecuted in this court. *See United States of America v. Calvin Lee Goddard*, E.D. Ky. No. 5:07-CR-134-SS-2-JMH. While free on bond, he was diagnosed with a rare and aggressive form of cancer. He remained on bond for a year. During this time the plaintiff had surgeries and other treatment for the cancer and was promised by certain defendants – the federal prosecutor (Walker), his attorney (Brown), and a DEA agent (White) –  that

---

[2]  *See United States of America v. Calvin Lee Goddard*, 07-CR-134-JMH.

2

if he entered a guilty plea, he could remain free on bond.

On September 24, 2008, Plaintiff had a "PET Scan . . . that cleared the way for my nerve graft surgery to regain the use of the left side of my face. "  Just days later, on September 29th, Goddard entered a guilty plea.  Despite the promises of others and the ongoing nature of his medical treatment, Plaintiff alleges that another defendant – the judge (Hood) – refused to release him and ordered him taken into custody, to be delivered to FMC-Lexington.  According to Goddard, Judge Hood did, however, alert the BOP as to Goddard's medical condition and "directed them to give me a nerve graft to try to regain the use of the left side of my face."  Goddard attaches a copy of this Order, entered on September 30, 2008.

However, Goddard was delivered, instead, to the Woodford County, Kentucky, Jail for a month without even pain medications.  On October 21, 2008, he brought a motion [D.E. 181] for the court to enforce its September 30th order.  Defendant U.S. Marshal Clay responded to the court that Goddard was being placed on a plane and was on his way to help.  This time, the plaintiff was flown to the medical facilities at the federal prison in Butner, N.C.  He states that he was treated at Butner but was flown back to Kentucky for sentencing on December 13th.

Again, the Plaintiff was not placed in the FMC-Lexington.  Rather, he was held in another local jail, in Grayson, Kentucky, where he was purportedly denied medication for the time period of January 8-26, 2009.  Again, he moved the trial court to enforce its September 30, 2008, order, and on January 14, 2009 [D.E. 221], Judge Hood ordered that he be held at FMC-Lexington.  After sentencing, Plaintiff "was finally dropped off at FMC Lexington on January 26, 2009."

3

Upon arrival at FMC-Lexington, the plaintiff began demanding the nerve graft surgery. Goddard alleges that when he inquired about scheduling the surgery at the University Hospital in Cincinnati, where his two cancer surgeries had been performed, FMC-Lexington's Associate Warden of Clinical Programs, Defendant Terris, told him that he would not be taken to Cincinnati for treatment because the University of Kentucky Hospital in Lexington could treat him adequately.

Plaintiff pursued two avenues to obtain the nerve graft surgery in Cincinnati – via BOP personnel and the Court – and he attaches copies of documents evidencing both of these efforts. When he told the BOP that he would again seek to have the court enforce Judge Hood's September 30, 2008 order, the BOP submitted a letter, dated April 14, 2009, to Judge Hood. It advised the judge as to the plaintiff's current condition, a pending surgical appointment, and the BOP's position that it would treat Goddard, locally. The plaintiff wrote to the court in response to that letter. These letters were apparently filed in the criminal case record under seal.

Finally, in October of 2009, Goddard brought another motion in the criminal case, R. 322-23, again asking the court to enforce its September 30, 2008, order and direct that the nerve graft surgery be had. The court found that the motion was not cognizable under 28 U.S.C. § 2255, but continued, "Defendant's motion will therefore be denied so that he may pursue it in a properly filed civil rights action." R. 323.

During this time, the plaintiff was also writing prison staff, urging the BOP to arrange the Cincinnati surgery. Of the attached documents exchanged in the BOP administrative remedy process, one, referenced as Remedy No. 527126-R3 and dated August 5, 2009, is from the regional director's office. It rejected Goddard's appeal of the "medical care –

4

delay or access to" issue, giving as the grounds, "This request was previously addressed, answered and closed on 06-03-2009."

Plaintiff began the administrative process again in October of 2009. The warden, Defendant Deborah Hickey, responded on October 21st, that the surgery for "nerve grafting to try to regain use of the left side of your face" was "cosmetic," and "not generally available." The plaintiff's last administrative exhibit is the FMC-Lexington's January 21, 2010, acknowledgment of receipt of another request from the plaintiff about medical care. It has another administrative remedy number, 573563-F1.

On February 2, 2010, the Clerk of this court received Goddard's complaint. Plaintiff seeks substantial damages and injunctive relief in the form of orders that he be provided the desired treatment by his doctors at the University Hospital in Cincinnati. For the denial and delay of proper medical treatment by the BOP, the plaintiff faults not only FMC-Lexington's Warden Hickey and Associate Warden Terris, but also two of its doctors, Defendants Luis A. Morales and Michael Growse. Goddard attaches medical records from non-BOP doctors, particularly the medical opinions of University of Kentucky doctors Robert D. Owen, Franca Cambi, and Susanne Arnold, who support the Cincinnati surgery.

## DISCUSSION

To state a claim that is cognizable as a *Bivens* action under 28 U.S.C. § 1331, a plaintiff must plead and prove two essential elements. He must show, first, the deprivation of right(s) secured by the Constitution or laws of the United States and, second, that the Defendants allegedly depriving him of those rights acted under color of federal law. *Id*. at 397. Goddard has properly alleged these two elements with regard to all but one

5

defendant.

Adele Burt Brown, Goddard's defense attorney in the criminal proceeding, is not a federal actor for the purposes of a *Bivens* claim or a state actor for a civil rights claim under 42 U.S.C. § 1983. *See Georgia v. McColllum,* 505 U.S. 42, 53 n. 9 (1992). A civil rights lawsuit cannot be pursued against an attorney regarding representation of a criminal defendant, whether she is a private attorney or a public defender. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Therefore, Brown is entitled to dismissal from this lawsuit.

The plaintiff's claims against several of the federal employees named as *Bivens* defendants are barred for other reasons. According to his own allegations, the events involving Hood, Walker, Brown, White, Clay, and unnamed medical staff at two Kentucky jails all took place from June of 2007 to January 26, 2009. However, the plaintiff did not file the instant complaint until more than one year later, on February 2, 2010. The state statute of limitations for personal injuries governs claims under the federal constitution. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Kentucky, a personal injury claim must be brought within one year after the cause of action accrues. K.R.S. 413.140; *see also University of Kentucky Bd. of Trustees v. Hayse*, 782 S.W.2d 609 (Ky. 1989), *cert. denied*, 497 U.S. 1025 (1989) and 498 U.S. 938 (1990); *Frisby v. Board of Education of Boyle County*, Ky. App., 707 S.W.2d 359, 361 (1986). Since this lawsuit was filed on February 2, 2010, claims accruing prior to February 2, 2009, are barred by Kentucky's one-year statute of limitations. Accordingly, these defendants are entitled to dismissal.

Alternatively, Judge Hood and Prosecutor Walker are entitled to absolute immunity. First, as for the judge:

6

> It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335 (1872). Immunity from a § 1983 suit for money damages is no exception. *See Pierson*, 386 U.S. at 554.

*Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997). "Disagreement with the action taken by the judge . . . does not justify depriving that judge of his immunity." *Stump v. Sparkman*, 435 U.S. 349, 363 (1978). Judge Hood is, therefore, entitled to dismissal.

Similarly, prosecutors are cloaked with immunity from all decisions regarding prosecution except those "deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification." *Wayte v. United States*, 470 U.S. 598, 608 (1985). As Goddard alleges no such impermissible actions by Walker, he has failed to state a claim upon which this court may grant relief and he is entitled to dismissal on the ground of prosecutorial immunity.

Another issue raised in the above-stated chronology of events relates to the administrative remedies which the plaintiff purportedly attempted within the BOP. If a prisoner wants to seek compensation from government employees through the courts, he must first exhaust whatever administrative remedies are available. 42 U.S.C. § 1997e(a). Goddard's exhibits show that he sought several such remedies about his lack of medical care. One is alleged to have been "lost" by the BOP; one is shown to be only recently begun (573563-F1 was received by the prison on January 21, 2010); and a third was purportedly "addressed, answered and closed on 06-03-2009." Therefore, apparently the plaintiff exhausted at least one of these, on June 3, 2009. However, to the extent that exhaustion of administrative remedies is an issue in this case, it should be decided on a

7

fuller record. *See Jones v. Bock*, 549 U.S. 199 (2007).

Consequently, the court will direct the issuance of summons for the remaining defendants to respond to the allegations in Goddard's complaint. There is one matter, however, which is appropriate to address in advance of litigation. Although the plaintiff specifies that he is suing the named defendants in both their individual and official capacities, he is not entitled to sue them for damages in their official capacities.

When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 874-75 (9th Cir. 1975). *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) (discussion of sovereign immunity). Therefore, the official-capacity claims for damages from the BOP defendants in this case will be dismissed, and only the claims for damages from the remaining defendants in their individual capacities will proceed.

As Goddard has been granted pauper status, an officer of the court will serve process on his behalf pursuant to FED. R. CIV. P. 4(c)(2) and 28 U.S.C. § 1915(d). The Clerk's Office and the Office of the United States Marshal ("USM Office"), therefore, will be directed to serve the summons and complaint as set forth below.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

1.      The following are **DISMISSED** without prejudice: (a) all claims against Judge Joseph M. Hood, Assistant United States Attorney Ron Walker, Adele Burt Brown, DEA

Agent Jasper White, and U.S. Marshal Thom E. Clay; and (b) all claims for damages from the remaining defendants in their official capacities.

2.  The Clerk of Court shall prepare the documents necessary for service of process upon the remaining named FMC-Lexington defendants, *in their individual capacities*:

    a.  Associate Warden Jason Terris;
    b.  Warden Deborah A. Hickey;
    c.  Fallen Dr. Luis A. Morales; and
    d.  Patrick Dr. Michael Growse.

3.  The Clerk shall prepare a "Service Packet" consisting of the following documents for service of process upon the United States of America:

    a.  a completed summons form;
    b.  the complaint [R. 2];
    c.  this order; and
    d.  a completed USM Form 285.

4.  Additionally, the Clerk shall make three sets of copies of the above-described documents, each set containing the following:

    a.  copies of all completed summons forms issued for the defendants;
    b.  copies of all completed USM Forms 285;
    c.  one copy of the Complaint and all attachments [Record No. 2]; and
    d.  one copy of this Order.

5.  The Clerk shall present the Service Packet(s) and copies to the USM Office in Lexington, Kentucky.

6.  Service of Process upon Defendants Jason Terris, Deborah A. Hickey, Dr. Luis A. Morales, Dr. Michael Growse shall be conducted by the USM Office in Lexington, Kentucky, by serving a Service Packet ***personally*** upon each of them, through

arrangement with the Federal Bureau of Prisons.

The USM Office is responsible for ensuring that each defendant is successfully served with process. In the event that an attempt at service upon a defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

7. The USM Office Service must complete service on the named defendants by serving the copies described in above paragraph 4 *by certified or registered mail* to:

    a. one set of the copies to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;
    b. one set to the Office of the Attorney General of the United States in Washington, D.C.; and
    c. one set to the Office of the Federal Bureau of Prisons in Washington, D.C.

8. The plaintiff **SHALL**:

    a. Immediately advise the Clerk's Office of any change in his or her current mailing address. **Failure to do so may result in dismissal of this case**.
    b. Communicate with the court *solely* through notices or motions filed with the Clerk's Office. **The court will disregard correspondence sent directly to the judge's chambers.**
    c. In every notice, motion, or paper filed with the court, certify in writing that he or she has mailed a copy to every defendant (or his or her attorney) and state the date of mailing. **The court will disregard any notice or motion which does not include this certification.**

Signed on March 9, 2010 

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

10